People v D.H. (2026 NY Slip Op 01316)

People v D.H.

2026 NY Slip Op 01316

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Ind. No. 73020/23|Appeal No. 6025|Case No. 2024-03160|

[*1]The People of the State of New York, Respondent,
vD.H., Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Ann D. Thompson, J.), rendered May 2, 2024, convicting defendant, upon her plea of guilty, of criminal possession of a firearm, adjudicating her a youthful offender, and sentencing her to three years of probation, unanimously affirmed.
Defendant's Second Amendment challenges to the requirements that gun license applicants demonstrate good moral character and that they have not been convicted of a felony are unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice. As an alternative holding, while defendant has standing to assert these facial challenges notwithstanding that she never applied for a license (see People v Johnson, — NY3d &mdash, 2025 NY Slip Op 06528, *2 [2025]), she fails to establish that her conviction is unconstitutional under New York State Rifle & Pistol Association, Inc. v Bruen (597 US 1 [2022]) (see People v Guzman, 237 AD3d 570, 571 [1st Dept 2025], lv denied 44 NY3d 993 [2025]; People v Hooks, 242 AD3d 463, 463 [1st Dept 2025]).
Defendant's contention that her counsel rendered ineffective assistance by failing to preserve her Second Amendment claims is unreviewable on direct appeal because it involves matters not reflected in the record and thus must be raised in a CPL 440.10 motion (see People v Williams, 237 AD3d 569, 570 [1st Dept 2025], lv denied 44 NY3d 1014 [2025]). In any event, counsel was not ineffective insofar as the claims had "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]). 
We perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026